UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| GERALD LESSERT, SPECIAL ADMINISTRATOR OF THE ESTATE OF RICHARD CLAYMORE LESSERT, DECEASED;<br><br>Plaintiff,<br><br>vs.<br><br>BNSF RAILWAY COMPANY, A CORPORATION;<br><br>Defendant. | 5:17-CV-05030-JLV<br><br>ORDER ON MOTION TO QUASH; MOTION FOR PROTECTIVE ORDER; MOTION TO EXTEND DEADLINES; MOTION TO LIFT ORDER EXTENDING TIME FOR PLAINTIFF TO RESPOND |

This is an action brought under the Federal Employers' Liability Act, 45 U.S.C. §§ 51, *et seq.* Defendant BNSF Railway Co. filed a Motion to Quash and a Motion for Protective Order on Plaintiff Gerald Lessert's Fed. R. Civ. P. 30(b)(6) deposition notices (Doc. 65). Also pending is Plaintiff's Motion to Extend Deadlines Relevant to Pending Work. (Doc. 63). United States District Court Judge Jeffrey L. Viken, Chief Judge, referred the case to this magistrate judge for the purpose of resolving pretrial motions. (Doc. 121).

**FACTUAL BACKGROUND**

The present dispute stems from two Rule 30(b)(6) notices that Plaintiff served upon Defendant on April 24, 2019. (Docs. 67-1, 67-2). The first notice encompasses Defendant's training, education, and instructions. (Doc. 67-1). The second notice encompasses testing, qualification, and certification. (Doc. 67-2). Defendant objects to the notices and argues they are overly broad, lack

1

relevance, and that it is impossible for Defendant to present a knowledgeable deponent. (Doc. 66 at p. 2–6). For those reasons, Defendant requests a protective order. (Id.). Defendant further states the notices are unduly burdensome because Plaintiff served Defendant on April 24, 2019, and requested that the depositions take place on May 1, 2019, the final day of the discovery period. For this reason, Defendant asks the court to quash the notices. (Id. at p. 6–7). On May 1, 2019, Plaintiff filed a motion to extend deadlines relevant to pending work, asking the court to extend the discovery deadline for certain purposes. (Doc. 63). Defendant opposes that motion. (Doc. 89). Finally, Defendant requests to lift the stay on briefing regarding a pending motion for partial summary judgment. (Doc. 122; see Docs. 47, 53). Plaintiff opposes that motion, stating that the 30(b)(6) depositions are vital to Plaintiff's ability to respond to the motion for summary judgment. (Doc. 145).

## **DISCUSSION**

Under Fed. R. Civ. P. 30(b)(6), a party may designate a public or private corporation as the deponent and list with reasonable particularity the matters the party wishes to examine the corporation on. The corporation must then designate one or more persons to testify on behalf of the corporation. Id. "The persons designated must testify about information known or reasonably available to the organization." Id. The corporation "must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the interrogator] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed by [the

2

interrogator] as to the relevant subject matters." Murphy v. Kmart Corp., 255 F.R.D. 497, 504–05 (D.S.D. 2009) (internal quotation omitted) (alterations in original). "If no current employee has sufficient knowledge to provide the requested information, the party is obligated to prepare [one or more witnesses] so that they may give complete, knowledgeable and binding answers on behalf of the corporation." Id. at 505 (quoting Dravo Corp. v. Liberty Mut. Ins. Co., 164 F.R.D. 70, 75 (D. Neb. 1995)) (alteration in original). Here, Defendant argues the information sought through Plaintiff's Rule 30(b)(6) notices is too broad, imposes an undue burden, and is not the proper subject of a deposition.

The scope of discovery is governed by Fed. R. Civ. P. 26. The scope described by that rule is broad:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "Relevancy is to be broadly construed for discovery issues and is not limited to the precise issues set out in the pleadings. Relevancy . . . encompass[es] 'any matter that could bear on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" Murphy, 255 F.R.D. at 501 (quoting E.E.O.C. v. Woodmen of the World Life Ins. Soc., 2007 WL 1217919, at *1 (D. Neb. Mar. 15, 2007); Oppenheimer Fund, Inc. v. Sanders, 437 U.S.

340, 351 (1978)).  The party making the discovery request must make some threshold showing of relevance.  Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1992).  The burden then shifts to the party resisting discovery to explain why the discovery request is improper.  Murphy, 255 F.R.D. at 502.

**I.     Motion for Protective Order**

A party may obtain a protective order upon a showing of good cause.  General Dynamics Corp. v. Selb Mfg. Co., 481 F.2d 1204, 1212 (8th Cir. 1973).  Federal Rule of Civil Procedure 26(c)(1) governs the granting of a protective order:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]

The trial court has significant discretion in either granting or denying a protective order, and "only an abuse of that discretion would be cause for reversal." General Dynamics Corp. v. Selb Mfg. Co., 481 F.2d 1204, 1212 (8th Cir. 1973).  Under Rule 26(c), a court may grant a protective order only upon a showing of good cause by the moving party.  Id.  The movant must articulate "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." Id. (internal citation and quotation marks omitted).  The court must also consider "the relative hardship to the non-

moving party should the protective order be granted." Id. (internal citation omitted).

Defendant requests a protective order limiting the information sought by Plaintiff in his Rule 30(b)(6) notices. Defendant states the requests are overly broad and burdensome in the following ways: (1) the volume of employees identified is largely irrelevant to Plaintiff's specific conduct; (2) the timeframe outlined is too broad; and (3) the language "in any form" and "any tangible things" create an impossible burden. (Doc. 66 at p. 4–6). Defendant also objects to any question about federal regulations and states it is improper for Plaintiff to depose Defendant about interpretation or applicability of federal law. (Id. at p. 5).

### A. The notices are overly broad and unduly burdensome

#### 1. Scope

Defendant objects to the scope of the information requested in both notices. Plaintiff seeks information regarding the training, education, and instruction of Defendant's officers, agents, and employees generally, and Defendant's rules, customs, practices, policies and procedures for the testing, qualification, and/or certification of Defendant's officers, agents, and employees on and prior to January 17, 2017. (Doc. 67-1 at p. 2; Doc. 67-2 at p. 2). Defendant objects on the basis that the notices request information on *all* Defendant's employees for the entire history of the railroad. (Doc. 66 at p. 5). Defendant also claims that information regarding employees within other departments is irrelevant to the incident described in the complaint. (Id.).

5

Finally, Defendant states the notices are unduly burdensome because they require the deponent to familiarize him or herself with a very large amount of information in a short period of time. (Doc. 98 at p. 5).

In his response, Plaintiff states the requests are inherently limited by the federal Roadway Worker Protection ("RWP") regulations governing training, testing, and certification of employees, which were enacted in 1996. Therefore, Plaintiff states the notices only seek information between 1996 and 2017. (Doc. 91 at p. 23). Additionally, Plaintiff states the notices only request information regarding employees governed by the RWP regulations. (Id.). Plaintiff asserts the information is relevant because the RWP regulations apply to the members of both departments involved in the Test Train project, they should have been implemented for all employees involved in the project, and if they had been, Decedent would not have been killed. (Id. at p. 16–17).

Defendant replies that even under that narrowed scope, Plaintiff's request for information for "any and all BNSF employees who foul track from . . . 1996, to the present" is simply irrelevant. (Doc. 98 at p. 5). Defendant states that the certification, training, etc. of other employees is completely unrelated to the decisions made by Decedent and his three-man crew on the day of the accident. (Id. at p. 3).

The court finds that a narrowed request is appropriate. Plaintiff has not shown why questions about Defendant's practices beginning in 1996 are relevant. Plaintiff may ask questions about training, education, instruction, and testing, qualification, and/or certification of employees governed by the

6

RWP regulations between January 2012 and January 17, 2017. Plaintiff's request for information subsequent to January 17, 2017 is not relevant. Defendant's motion for protective order is granted on this point.

### 2. **Materials Requested**

In both notices, Plaintiff requests identification of all documents "in any form" and "any tangible things" that record or reflect the subject of the notices. (Doc. 67-1 at p. 4; Doc. 67-2 at p. 2). Defendant states these requests are far too broad and create an impossible burden. (Doc. 66 at p. 6). Further, Defendant states it has already provided a "myriad of documents" covering the identified subject areas. (Id.). Plaintiff responds that the language "in any form" and "any tangible thing" is limited by the subject matter of the notices, and is necessary because Plaintiff does not know the form in which Defendant possesses the requested information. (Doc. 91 at p. 16, 25).

The court finds that the notices identify with reasonable specificity the information sought: the notices specifically request information related to on-track protection and the testing, qualification, and certification of employees related to on-track protection. (Doc. 67-1, 67-2). The phrases "in any form" and "any tangible things" are sufficiently limited by the information sought. Plaintiff's request is not unduly burdensome. Moreover, the fact that Defendant has already produced information covering the identified subject areas does not excuse Defendant from complying with the Rule 30(b)(6) depositions. "In responding to a Rule 30(b)(6) notice or subpoena, a corporation may not take the position that its documents state the company's

7

position. . . . Producing documents and responding to written discovery is not a substitute for providing a thoroughly educated Rule 30(b)(6) deponent." Murphy, 255 F.R.D. 497 at 506–07 (internal quotations and brackets omitted). No good cause showing, Defendant's motion for protective order is denied on this point.

## B. Federal Regulations

A primary point of dispute in both notices is Plaintiff's request for information dealing with federal regulations. Plaintiff states that the Federal Railroad Administration ("FRA") enacted the RWP regulations, 49 C.F.R. Part 214, Subpart C, to require railroads to establish effective on-track safety for their employees. (Doc. 91 at p. 4–5). Plaintiff states that the RWP regulations require railroads to "translate the . . . regulations into work rules, and the work rules make the FRA regulations effective in railroad operations." (Id. at p. 6). Plaintiff believes Defendant did not properly translate the RWP regulations when enacting its own work rules. (Id. at p. 6–9). Plaintiff wishes to depose Defendant on its interpretation and application of the RWP regulations, including drafting its work rules and enforcing those rules. Defendant objects on the basis that it is improper for Plaintiff to ask questions about interpretation or applicability of federal law. (Doc. 66 at p. 5). Thus, Defendant resists all questions about federal law.

As a threshold matter, Plaintiff shows that the federal regulations at issue are relevant. Defendant's interpretation and implementation of the RWP regulations are relevant to Plaintiff's allegation that Defendant failed to follow

those regulations. (Doc. 1 at ¶ 17). Further, Defendant cites no authority in support of its statement that "it is improper for Plaintiff to depose BNSF about interpretation or applicability of federal law." (Doc. 66 at p. 5). No good cause showing, Defendant's motion for protective order is denied on this point.

II. **Defendant's Motion to Quash; Plaintiff's Motion to Extend; Defendant's Motion to Lift Order Extending Time**

Defendant argues that the timeframe provided for the Rule 30(b)(6) depositions is unreasonably brief, and asks the court to quash the notices. (Doc. 66 at p. 6; Doc. 98 at p. 2). On May 1, 2019—the same day in which Defendant filed the motion to quash—Plaintiff filed a motion to extend deadlines relevant to pending work, which Defendant opposes. (Doc. 63; see Doc. 89). Plaintiff requests to extend the discovery deadline by two months. (Doc. 63). Plaintiff bases his motion on court resolution of the motion to quash; time to obtain the corporate designee depositions; review of discovery disputes not resolved in the May 1, 2019 meet and confer; obtaining the deposition of Jim Keliwitz and followup depositions of other crew members; and investigation of Defendant's motion to amend its answer at Docket 60, which is currently pending before the court. (Doc. 64 at p. 3). Defendant opposes the motion to extend deadlines, contending that discovery is complete and Plaintiff fails to show good cause under Federal Rule of Civil Procedure 16 to modify the scheduling order. (Doc. 89 at p. 1, 4–5). Defendant argues that delaying the trial by two more months "by conducting expensive, unnecessary, and irrelevant discovery is highly and unfairly prejudicial." (Id. at p. 6).

9

Federal Rule of Civil Procedure 16 requires the court to issue an order setting deadlines for various stages of the litigation. The Rule 16 scheduling order may be modified only for good cause. Fed. R. Civ. P. 16(b)(4); Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 715 (8th Cir. 2008). The primary measure of good cause is the movant's diligence in attempting to meet the scheduling order's requirements. Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir. 2001). "While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, [the court] will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." Sherman, 532 F.3d at 717. Even when the movant shows good cause, the district court retains discretion as to whether to grant the motion. Bradford, 249 F.3d at 809. Further, the court must interpret Rule 16 in manner so as to achieve the "just, speedy, and inexpensive determination of every action." See Fed. R. Civ. P. 1.

The court finds Plaintiff has shown good cause meriting an additional extension in this case. Plaintiff's motion identifies limited discovery issues that remain outstanding. (Doc. 64 at p. 3). The record reflects disagreements over the Rule 30(b)(6) depositions beginning in April 2019, but does not show a lack of diligence on Plaintiff's part. In fact, just two months before Plaintiff filed the pending motion to extend, the parties filed a joint motion to extend in which they stated "[they ha[d] been diligent in progressing discovery and taking as many depositions as time and travel will allow[,]" and "ha[d] done a good job cooperating with each other in service of the administration of justice." (Doc.

10

58 at p. 3). Finally, the court finds Defendant's arguments regarding prejudice unpersuasive because trial has not yet been set in this case, and there are currently sixteen pretrial motions pending in this case, including five motions for partial summary judgment. Good cause showing, the court grants the motion to extend deadlines for the narrow purposes outlined in Plaintiff's motion. A limited extension is appropriate. Because the court grants the motion to extend deadlines, Defendant's motion to quash the Rule 30(b)(6) depositions is rendered moot and the court denies it as such.

Finally, Defendant requests to lift the court's order staying briefing regarding Defendant's Motion for Partial Summary Judgment at Docket 47. (Doc. 122). Plaintiff represents that he needs to obtain the 30(b)(6) depositions in order to respond to the Motion for Partial Summary Judgment. (Doc. 145 at p. 11). The court orders the depositions to take place on or by August 31, 2019, giving Plaintiff the information he needs to respond to the Motion for Partial Summary Judgment. The court therefore grants Defendant's Motion to Lift Order Extending Time for Plaintiff to Respond, and will require Plaintiff to respond to the Motion for Partial Summary Judgment on or by September 12, 2019.

## **CONCLUSION**

For the aforementioned reasons, it is hereby

ORDERED that Defendant's Motion for Protective Order (Doc. 65) is granted in part and denied in part as stated above, and Defendant's Motion to Quash is denied as moot. It is further

ORDERED that Defendant shall submit to Plaintiff's Rule 30(b)(6) depositions on or by **August 31, 2019**.

ORDERED that Plaintiff's Motion to Extend Deadlines Relevant to Pending Work (Doc. 63) is granted and the scheduling order is amended as follows:

1. All discovery, including expert discovery, shall be commenced in time to be completed by **August 31, 2019**; and
2. All motions, other than motions *in limine*, together with supporting briefs, shall be filed and served on or before **September 12, 2019**.

It is further

ORDERED that all other provisions of the court's scheduling order (Docket 23) remain in effect unless specifically changed. It is further

ORDERED that Defendant's Motion to Lift Order Extending Time for Plaintiff to Respond (Doc. 122) is granted. Plaintiff shall respond to Defendant's Motion for Partial Summary Judgment on or by **September 12, 2019**.

**NOTICE TO PARTIES**

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained. See FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Failure to file timely objections will result in

the waiver of the right to appeal questions of fact. Id. Objections must be timely and specific in order to require review by the district court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 30th day of July, 2019.

BY THE COURT:

DANETA WOLLMANN
United States Magistrate Judge