UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| GERALD LESSERT, Special Administrator of the Estate of RICHARD CLAYMORE LESSERT, Deceased,<br><br>        Plaintiff,<br><br>vs.<br><br>BNSF RAILWAY COMPANY, a Corporation,<br><br>        Defendant. | CIV. 17-5030-JLV<br><br>ORDER |

**INTRODUCTION**

Plaintiff, the special administrator of decedent Richard Lessert, brings this action under the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.* (Docket 1). Decedent died on January 17, 2017, after he was struck by a train near Edgemont, South Dakota. Id. at ¶¶ 5, 13. Now pending before the court are defendant's objections to Magistrate Judge Daneta Wollmann's July 30, 2019, order resolving discovery motions. (Dockets 155 & 157). Defendant also moves for a protective order seeking to prohibit or limit corporate designee depositions under Federal Rule of Civil Procedure 30(b)(6). (Docket 158). Plaintiff opposes the objections and the motion for a protective order. (Docket 164). For the reasons given below, the court overrules defendant's objections, denies a protective order and affirms the substance of the magistrate judge's order in full. The court then sets new deadlines.

# I. Legal Standards

## A. Standard of review

"When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge . . . . [t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous and contrary to law."[1] Fed. R. Civ. P. 72(a).

## B. Discovery disputes

"[T]he federal rules permit liberal discovery[.]" Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2, 197 F.3d 922, 925 (8th Cir. 1999). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). "Because of liberal discovery and potential for abuse, the federal rules confer broad discretion on the district court to decide when a protective order is appropriate and what degree of protection is required." Miscellaneous Docket Matter No 1., 197 F.3d at 925 (internal quotation omitted). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1).

---

[1]Defendant incorrectly asserted this court's review is de novo. (Docket 157 at p. 2). A party may only seek de novo review of a magistrate judge's resolution of a *dispositive* matter. Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. § 636(b)(1) (reserving de novo review for dispositive matters). The matters at issue in this order are not dispositive.

## II. Analysis

Defendant poses two objections to the magistrate judge's order. First, it asserts the magistrate judge erred by finding plaintiff may depose its Rule 30(b)(6) designee regarding its interpretation of applicable federal regulations. (Docket 157 at pp. 2-4). Second, defendant objects to reopening all discovery, as opposed to permitting only Rule 30(b)(6) depositions. Defendant then moves for a protective order to limit discovery consistent with its objections. (Docket 158). The court overrules the objections and denies a protective order.

In support of its first objection, defendant cites to a plethora of case law standing for the proposition that it is the role of a trial court to instruct the jury on the law governing a case. (Docket 157 at pp. 2-4). Defendant construes this case law to signify that discovery on its interpretation of federal regulations governing railroad safety should be barred. Id. at p. 4. This argument is erroneous. Otherwise discoverable information "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Should this case proceed to trial, no party will be permitted to make legal arguments to the jury. This principle of law, however, does not limit the scope of discovery.

As the magistrate judge concluded, discovery regarding defendant's interpretation of the applicable federal law is relevant to whether defendant failed to follow the law in the circumstances surrounding decedent's death. (Docket 155 at pp. 8-9). The magistrate judge's ruling was not clearly erroneous or

contrary to law. The ruling is affirmed and defendant's first objection is overruled.

Defendant next objects to the magistrate judge's order reopening all discovery for one month. (Docket 157 at pp. 4-5). It states plaintiff is now seeking to redepose two witnesses.[2] Id. at p. 5. Defendant contends the magistrate judge did not rule on its "several other substantive arguments" in opposition to additional discovery, leading plaintiff to seek inappropriate second depositions. Id. at pp. 4-5. The only argument defendant highlights in its objections, however, is its argument that discovery "surrounding the switch leverage . . . is not relevant to any allegation in this case."[3] Id. at p. 4. Plaintiff asserts his depositions of the witnesses did not reveal facts about the switch leverage that he later learned, necessitating a second round of depositions. (Docket 64 at p. 16).

The magistrate judge concluded plaintiff showed good cause for a discovery extension, pointing to "limited discovery issues" he identified as outstanding. (Docket 155 at p. 10). She further held that plaintiff acted diligently in attempting to resolve the remaining discovery issues before the end

---

[2]In defendant's motion for a protective order, it states the two witnesses are Randy Dixon and Michael Smeltzer. (Docket 159 at p. 5). However, defendant only filed a deposition notice for Mr. Dixon. (Docket 160-2).

[3]Plaintiff moved to amend the complaint to include an allegation that employees had to forcibly leverage a handle on the West Wye Switch due to encrusted ice and snow. In plaintiff's view, the employees should have called decedent and his crew to clear the switch, which would have resulted in decedent avoiding the collision. (Dockets 64 at pp. 8-11 & 86 at pp. 1-3). The magistrate judge has not yet resolved this motion.

of discovery. Id. Neither holding was clearly erroneous or contrary to law. Defendant only raises the relevance of the switch leverage discovery as a specific objection, so the court limits its review to that matter. Thompson v. Nix, 897 F.2d 356, 357-58 (8th Cir. 1990) ("[O]bjections must be timely *and specific* to trigger . . . review[.]") (emphasis added).

The magistrate judge did not explicitly determine whether the switch leveraging discovery was relevant. The court finds it is. The existing complaint alleges decedent was clearing ice and snow out of a train switch, now identified as the Deadwood Wye Switch, when he was struck and killed.[4] (Docket 1 at ¶¶ 8-13). Information as to why decedent was working on the Deadwood Wye Switch—as opposed to the West Wye Switch—could be highly relevant to plaintiff's present claim. And, of course, if the magistrate judge grants leave for plaintiff to amend his complaint, the switch leveraging discovery will become explicitly relevant to the amended complaint. Reopening discovery for this purpose was not error. The order is affirmed and defendant's second objection is overruled.

---

[4]There is some dispute as to the timing of the work taking place on the switches. The National Transportation Safety Board found the accident occurred on the Deadwood Wye Switch. (Docket 90-4 at p. 10). Plaintiff states the switch on which decedent should have been working was the West Wye Switch. (Docket 64 at p. 10). Plaintiff argues if decedent had been called to work on the West Wye Switch, it would have resulted in another train blocking the main line, preventing the train which ultimately killed decedent from passing through. Id. at p. 11. Defendant, however, asserts there is no evidence "leveraging the switch handle hours before the incident happened played any role whatsoever in causing the accident." (Docket 89 at p. 8). Regardless of these factual disputes, it is clear to the court that discovery on this matter is relevant to the allegations in the present complaint.

The magistrate judge reopened discovery "for the narrow purposes outlined in Plaintiff's motion" for one month. (Docket 155 at p. 11). Although plaintiff asked for a two-month extension, he did not object to the magistrate judge's order. (Docket 63). The court affirms the substance of the order in full order and modifies it only to set new deadlines.

**ORDER**

For the reasons given above, it is

ORDERED that defendant's objections to the magistrate judge's order of July 30, 2019 (Docket 157) are overruled.

IT IS FURTHER ORDERED that defendant's motion for a protective order (Docket 158) is denied.

IT IS FURTHER ORDERED that the magistrate judge's order of July 30, 2019 (Docket 155) is affirmed in part and modified in part. Deadlines are set as follows:

1. All discovery, including expert discovery shall be completed by **February 10, 2019**.

2. All motions, other than motions *in limine*, together with supporting briefs, shall be filed and served on or before **February 24, 2020**.

3. Plaintiff shall response to defendant's motion for partial summary judgment on or before **February 24, 2020**.

Dated January 9, 2020.

BY THE COURT:

JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE