UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| GERALD LESSERT, Special Administrator of the Estate of RICHARD CLAYMORE LESSERT, Deceased,<br><br>                Plaintiff,<br><br>  vs.<br><br>BNSF RAILWAY COMPANY, a Corporation,<br><br>                Defendant. | 5:17-CV-05030-JLV<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS TO COMPEL<br>(DOCS. 70, 73, 76, 79, 92) |

      This is an action brought under the Federal Employers' Liability Act, 45 U.S.C. §§ 51, *et seq*. Plaintiff filed various motions relating to discovery disputes. (Docs. 70, 73, 76, 79, 92). United States District Court Judge Jeffrey L. Viken referred the case to this magistrate judge for the purpose of resolving pretrial motions. (Doc. 121). In support of the motions, Plaintiff filed memorandums in support of the motions along with supporting attachments. (Docs. 71, 74, 77, 81, 93, 125, 127, 128). Defendant opposes the motions and submitted memorandums and attachments in opposition to the motions. (Docs. 101, 102, 119, 120). These collective submissions total in excess of 2,000 pages of filings in order to address the 5 discovery disputes before the

court.[1]  Both parties have blatantly violated the local rule regarding page limits on briefing and attachments.  The parties are put on notice that any future violation of the local rule may be subject to the court rejecting any filing which violates D.S.D. Civ. LR 7.1(B)(1).

I.   **Motions to Compel Discovery**

   **A. Docket 70 – Discovery Regarding Equipping Lookouts.**

Subsequent to Plaintiff filing the motion to compel, the court issued its Report and Recommendation setting forth its belief that the district court should issue summary judgment in favor of Plaintiff on the issue of negligence. (Doc. 180).  The district court has given notice to the parties of its intention to address the issue of causation.  The discovery which Plaintiff's motion to compel seeks pertains solely to the issue of negligence.  If the district court adopts this court's recommendation finding BNSF negligent, Plaintiff need not make a further showing to the jury that BNSF was negligent in any other fashion.  Accordingly, the discovery sought by Plaintiff is no longer relevant to any issues remaining in the case.  Therefore, the court denies the motion to compel discovery regarding equipping the lookouts as moot, without prejudice. If the district court declines to adopt the recommendation, Plaintiff may refile his motion.

---

[1] The local rules provide "briefs *and any attachments* . . . must not exceed 25 pages or 12,000 words unless prior approval has been obtained from the court."  D.S.D. Civ. LR 7.1(B)(1) (emphasis added).

2

**B. Docket 73 – Discovery Regarding Training, Education, Instruction & Certification.**

As with the discovery sought by Plaintiff in Docket 70, the discovery which Plaintiff's motion to compel seeks in Docket 73, pertains solely to the issue of negligence. If the district court adopts this court's recommendation finding BNSF negligent, Plaintiff need not make a further showing to the jury that BNSF was negligent in any other fashion. Accordingly, the discovery sought by Plaintiff is no longer relevant to any issues remaining in the case. Therefore, the court denies the motion to compel discovery regarding training, education, instruction and certification as moot, without prejudice. If the district court declines to adopt the recommendation, Plaintiff may refile his motion.

**C. Docket 76 – Discovery Regarding Production of Visual and Audio Representation of Scene of Incident and Section Truck.**

Plaintiff seeks discovery of visual and audio depictions of the scene of the incident and of the section truck taken shortly after the accident. BNSF contends that it has given Plaintiff "those photographs, videos, and audios from the scene of the incident immediately after the accident." (Doc. 101 at p. 19). In light of this response, Plaintiff concedes that this renders the discovery motion moot. (Doc. 125 at p. 40). Accordingly, the court denies the motion as moot.

**D. Docket 79 – Discovery Regarding BNSF's Representation of Regulations in Railroad Rules.**

Like the discovery motions at Docs. 70 and 73, Plaintiff seeks discovery in Docket 79 which pertains solely to the issues of negligence. If the district

3

court adopts this court's recommendation finding BNSF negligent, Plaintiff need not make a further showing to the jury that BNSF was negligent in any other fashion.  Accordingly, the discovery sought by Plaintiff is no longer relevant to any issues remaining in the case.  Therefore, the court denies the motion to compel discovery regarding representation of regulations in railroad rules as moot, without prejudice.  If the district court declines to adopt the recommendation, Plaintiff may refile his motion.

## II.    Motion to Determine Sufficiency of Answers & Objections (Doc. 92)

Plaintiff served two sets of Requests for Admissions on BNSF.  Although BNSF responded to the requests for admissions, Plaintiff believes the responses are either insufficient or raise improper objections.  Plaintiff asks the court for an order determining the sufficiency of BNSF's responses and ordering BNSF to respond without objection.

### A. Scope of Rule 36

Rule 36 of the Federal Rules of Civil Procedure allows one party to serve another party with requests to admit certain things.  See Fed. R. Civ. P. 36.  The rule is "intended to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial, the truth of which is known to the parties ***or can be ascertained by reasonable inquiry***."  United States v. Schiefen, 926 F. Supp. 877, 883 (D.S.D. 1995) (quoting 8A Charles A. Wright, Arthur R. Miller, & Richard L. Marcus, Fed. Practice & Procedure, § 2252 (2d ed. 1994)) (emphasis added).

4

Rule 36 provides in pertinent part as follows:

(a) **Scope and Procedure**

> (1) **Scope**. A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:
>
>> (A) facts, the application of law to fact, or opinions about either; and
>>
>> (B) the genuineness of any described documents.
>
> . . .
>
> (4) ***Answer.*** If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny ***only*** if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.
>
> . . .
>
> (6) ***Motion Regarding Sufficiency of an Answer or Objection***. The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served. The court may defer its final decision until a pretrial conference or a specified time before trial. Rule 37(a)(5) applies to an award of expenses.

F<small>ED</small>. R. C<small>IV</small>. P. 36(a) (emphasis added).

The scope of Rule 36 is limited to those matters which are: (1) within the scope of FED. R. CIV. P. 26(b)(1); and (2) relate to a fact, the application of law to fact, opinions about either, or to the genuineness of a document. See FED. R. CIV. P. 36(a)(1)(A), (B). The scope of Rule 26(b)(1) is broad:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b)(1). Therefore, requests to admit can be served regarding any matter that is relevant to any party's claim or defense so long as the request relates to a fact, application of law to a fact, opinions about either, or the genuineness of a document. See FED. R. CIV. P. 36(a)(1).

If the subject matter of a request to admit is proper under Rule 36(a)(1), and the responding party does not admit the request, the responding party must explain *in detail* why it cannot admit the request. See FED. R. CIV. P. 36(a)(4). If the responding party can affirmatively admit or deny part of a request, he must do so, and then explain–in detail–why he cannot admit the remaining part of the request. Id. Finally, the responding party may not refuse to admit or deny on the basis that it lacks the knowledge to be able to do so unless the responding party also states that it has made reasonable inquiry and was unable to obtain the information that would enable it to admit or deny. Id.

If a party who has served requests to admit is required to file a motion to compel in order to obtain answers to the requests, the provisions of Rule 37(a)(5) are applicable.  See FED. R. CIV. P. 36(a)(6).  Rule 37(a)(5) states that if the court grants a motion to compel, or if the requested discovery is provided after a motion to compel has been filed, "the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5) (emphasis added).  The award of expenses is mandatory unless the court finds that the moving party failed to confer in good faith with the responding party prior to filing the motion, the responding party's refusal to respond was substantially justified, or other circumstances make an award of expenses unjust.  Id.

With these guidelines in mind, the court turns to an analysis of the requests to admit served by Plaintiff on Defendant in this case.

### B. Plaintiff's 1st Set of Requests for Admissions – Nos. 12, 13, 17, 24, 40, 45, 54, 90, and 95

In each of these requests for admission, Plaintiff seeks an admission from BNSF as to whether Richard Lessert fell within various definitions (employer, employee, or lookout) within the meaning of 49 C.F.R. §§ 214.315 or 49 C.F.R. § 214.7; whether BNSF did or did not provide the proper briefing; and whether Doug Schmitz failed to keep an adequate lookout for the train which struck and killed Lessert.

BNSF either objected to each of these requests for admission or denied by asserting the same arguments it set forth in its briefings pertaining to the motions for partial summary judgment.

Each of the requests for admissions pertains solely to the issue of negligence. If the district court adopts this court's recommendation finding BNSF negligent, Plaintiff need not make a further showing to the jury that BNSF was negligent in any other fashion. Accordingly, the discovery sought by Plaintiff is no longer relevant to any issues remaining in the case, as Plaintiff need not make a further showing to the jury that BNSF was negligent in any other fashion. Therefore, the court denies the motion to determine the sufficiency of BNSF's response to Plaintiff's 1st Set of Requests for Admissions as identified above as moot, without prejudice. If the district court declines to adopt the recommendation, Plaintiff may refile his motion.

### C. Plaintiff's 2nd Set of Requests for Admissions – Nos. 3 and 14.

In Plaintiff's second set of requests for admissions, he sought information regarding damages. Specifically, the requests and responses are as follows:

> **REQUEST FOR ADMISSION NO. 3:** Vada Lessert is the surviving widow of Richard "Smoke" Lessert within the meaning of 45 U.S.C. § 51.
>
> **Defendant's Response:** BNSF objects to Request No. 3 as calling for a legal determination and therefore denies the same.
>
> **REQUEST FOR ADMISSION NO. 14:** Prior to his death on January 17, 2017, Richard "Smoke" Lessert provided Vada Lessert financial support.
>
> **Defendant's Response:** BNSF objects to this Request as ambiguous. Subject to and without waiving this objection, BNSF

8

> has made reasonable inquiry and the information it knows or can readily obtain is insufficient to enable it to admit or deny.

(Doc. 93 at pp. 16-17). Plaintiff argues that BNSF's objection to Number 3, that the request calls for a legal determination, is not a proper objection. Id. at p. 17. As to Number 14, Plaintiff argues that the request is not ambiguous and the language of the request conforms to normal, everyday usage. Id. Plaintiff asserts that BNSF has "fully explored Mr. Lessert's surviving spouse's sources of income, including through written discovery and through the taking of her deposition." Id. at 18.

BNSF first argues that the motion is untimely; its objection to Request Number 3 was proper because it involved purely a matter of law; and that its objection that Request Number 14 was proper because the question is inherently ambiguous.

First, the court has discretion to address the discovery motion and finds that the motion was filed in a timely fashion. As it pertains to Request for Admission Number 3, the court finds BNSF's response to be unreasonable and misplaced. The request does not involve a pure matter of law. The request centers around whether Vada Lessert is the surviving widow of the decent - which is purely a question of fact; the reference to 45 U.S.C. § 51 provides context. But even if the court entertains BNSF's argument that the request calls for a legal determination, the court still finds BNSF's objection improper. FED. R. CIV. P. 36(a)(1) allows such a request that relates to the application of law to a fact. The subject matter of the request is proper under Rule 36(a)(1). Having taken Vada Lessert's deposition, BNSF may freely dispute the legal

9

liability for the damages and whether Ms. Lessert may recover those damages under the statute, but there appears to be no reasonable basis to dispute the fact that she is the surviving widow of Richard Lessert.

As it pertains to Request for Admission Number 14, the court also finds BNSF's objection improper and its response in violation of its obligations in complying with Rule 36(a)(4). The court finds that there is no ambiguity in Plaintiff's request seeking an admission regarding whether the decedent provided financial support to Vada Lessert. Additionally, the court finds BNSF's stock answer that "the information it knows or can readily obtain is insufficient to enable it to admit or deny" fails to meets its obligation to: (1) describe with particularity what steps he took to attempt to obtain the information which would enable him to admit or deny, (2) describe what information he obtained after taking these reasonable steps, and (3) state why the information readily available to him did not enlighten him such that he could either admit or deny the requests. While in its brief in opposition to the motion, BNSF cited portions of Vada Lessert's deposition regarding some of the sources of her income, it is not clear why Defendant did not (or was unable to) obtain information regarding whether she received financial support from the decedent.

The court cautions BNSF to take whatever reasonable steps are available to it to enable it to admit or deny Plaintiff's requests to admit. Failure to do so may result in the matters being deemed admitted and BNSF may be required to pay the costs incurred by Plaintiff in proving the matters which are

the subject of the requests.  8B Charles A. Wright, Arthur R. Miller, & Richard L. Marcus, Fed. Practice & Procedure, § 2265, page 401 (3d ed. 2010).

Therefore, the court finds BNSF's responses to Request Number 3 and Number 14 of Plaintiff's Second Set of Requests for Admissions insufficient and orders BNSF to serve amended responses to these two requests within 20 days of this Order.  Such amended responses shall confirm to FED. R. CIV. P. 36(4).

## NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law.  The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained.  See FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A).  Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  Id.  Objections must be timely and specific in order to require review by the district court.  Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 27th day of May, 2020.

BY THE COURT:

DANETA WOLLMANN
United States Magistrate Judge