UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| GERALD LESSERT, Special Administrator of the Estate of RICHARD CLAYMORE LESSERT, Deceased,<br><br>                       Plaintiff,<br><br>    vs.<br><br>BNSF RAILWAY COMPANY, a Corporation,<br><br>                       Defendant. | 5:17-CV-05030-JLV<br><br>ORDER DENYING DEFENDANT'S MOTION TO AMEND ANSWER (DOC. 60) AND DENYING AS MOOT PLAINTIFF'S MOTION AMEND COMPLAINT (DOC. 86) AND DENYING AS MOOT MOTION TO SUBMIT SUPPLEMENTAL BRIEF (DOC. 175) |

This is an action brought under the Federal Employers' Liability Act, 45 U.S.C. §§ 51, *et seq.* Defendant BNSF Railway Co. filed a Motion to Amend Answer. (Doc. 60). Also pending is Plaintiff's Motion to Amend Complaint (Doc. 86) and Plaintiff's Motion to Submit Supplemental Brief (Doc. 175). United States District Court Judge Jeffrey L. Viken, referred the case to this magistrate judge for the purpose of resolving pretrial motions pursuant to 28 U.S.C. § 636. (Doc. 121).

**FACTUAL BACKGROUND**

The timeline of this case is significant to resolve the pending motions to amend the pleadings. Richard Lessert[1] was struck and killed by a train on

---

[1] All references herein to "Mr. Lessert" are referring to Richard Lessert, the decedent, not to be confused with Gerald Lessert, the father and special administrator of the estate of Richard Lessert.

1

January 17, 2017, while working as an employee for Defendant.  Plaintiff filed his complaint on April 17, 2017.  BNSF filed its Answer on May 17, 2017.  The parties jointly submitted their Rule 26 report on June 19, 2017.  The court entered its initial scheduling order on June 19, 2017.  The order set September 15, 2017, as the deadline for filing motions to join additional parties and to amend pleadings.  While the court granted motions to continue other deadlines such discovery, disclosure of expert reports, etc., the court has never modified the scheduling order as it pertains to the deadline to modify the pleadings.

On November 9, 2018, BNSF moved for partial summary judgment.  Plaintiff moved for additional time to respond because a number of upcoming depositions were scheduled, and the witness's testimony was necessary to respond to the motion.

BNSF filed its pending motion to amend its answer on April 23, 2019.[2]  The parties filed numerous motions with the court regarding discovery disputes in May of 2019.  Plaintiff filed his motion to amend the complaint on May 17, 2019.  In June and July of 2019, the parties filed cross motions for partial summary judgment.  BNSF filed two additional motions for summary judgment in June of 2019.

---

[2] Although the parties alerted chambers to the possibility that the parties intended to file a joint motion for an order allowing the parties to amend the pleadings, no such agreement was reached.  Further, the direction by chambers that any such motion "need to state with particularity the reasons for the amendments and their impact on the pending summary judgment motion." (Doc. 62-4).  The court's direction was ignored by the parties.

2

Recently, this court issued its Report and Recommendation setting forth its belief that the district court should issue partial summary judgment in favor of Plaintiff on the issue of negligence. (Doc. 179). The district court has given notice to the parties of its intention to address the issue of causation.

## DISCUSSION

**I.   Legal Standard for Motion to Amend Pleadings**

Federal Rule of Civil Procedure 15 requires that leave to amend a pleading should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15. However, the granting of such a motion is left to the "discretion of the district court." Russ v. Ratliff, 578 F.2d 221, 224 (8th Cir. 1978) (internal citations omitted). "[A]bsent a good reason for denial—undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of amendment—leave to amend should be granted." Thompson–El v. Jones, 876 F.2d 66, 67 (8th Cir. 1989).

However, Rule 15(a) does not apply when, as here, the "district court has established a deadline for amended pleadings under FRCP 16(b)." Kozlov v. Assoc. Wholesale Grocers, Inc., 818 F.3d 380, 395 (8th Cir. 2016) (internal quotations omitted). The June 23, 2017 scheduling order established an amendment deadline of September 15, 2017. (Doc. 23). Thus, "the liberal policy favoring amendments no longer applie[d]" when Defendant filed its motion to amend on April 23, 2019, over 84 months past the amendment deadline or when Plaintiff filed his motion to amend on May 17, 2019, 85

3

months past the amendment deadline.  Kozlov, 818 F.3d at 395.  Rather, the parties must now make "a showing of good cause" to amend their pleadings. Id.; Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

### A. BNSF's Motion to Amend Answer

On April 23, 2019, BNSF filed its Motion to Amend Answer seeking a modification which purports to "clarify its enumerated affirmative defense . . . regarding the contributory negligence of Richard Lessert including, but not limited to, the negligence, if any, of Stanley Mitchell and Doug Schmitz, which are imputed to Lessert due to acting in joint enterprise.  The damages, if any, to which Mr. Lessert may be entitled to are subject to reduction as provided in 45 U.S.C. § 53."  (Doc. 61 at p. 3).  BNSF argues that the amendment conforms with the evidence that developed during discovery.  Additionally, it asserts that there has been no undue delay because the parties unsuccessfully attempted to negotiate an agreement which would stipulate that both parties be allowed to amend the pleading.  BNSF argues that the Amended Answer will assist the parties and the court in "more clearly and effectively litigating the parties' theories of liability – or lack thereof."  Id. at p. 6.

In its response, Plaintiff discusses the inappropriate of a joint enterprise defense, but ultimately proposes to the court that BNSF's Motion to Amend Answer should be granted, provided, the court also allow Plaintiff to amend his Complaint.

4

### 1. Diligence

The primary measure of good cause for an amended pleading is the movant's diligence in attempting to meet the scheduling order's requirements. Morrison Enters., LLC v. Dravo Corp., 638 F.3d 594, 610 (8th Cir. 2011) (internal citations omitted). "Motions that would prejudice the nonmoving party by requiring a re-opening of discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics and strategy are particularly disfavored." Kozlov, 818 F.3d at 395 (internal quotations omitted) (affirming district court's denial of motion to amend pleading where movant waited three years after obtaining relevant evidence); see also Black Hills Truck & Trailer, Inc. v. MAC Trailer Mfg., Inc., No. 13-CV-4113 (KES), 2017 WL 4236546, at *3 (D.S.D. Sept. 22, 2017) (denying defendant's motion to amend answer when defendant engaged in undue delay by filing motion eight months after learning of facts giving rise to the claim); Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 717–718 (8th Cir. 2008) (reversing district court and finding movant failed to show diligence in amending answer; movant attempted to add affirmative defense nearly eighteen months after deadline for amending pleadings, and eight months after becoming aware of defense's applicability).

In United States of America v. Granite Re, Inc. et al, 11-CV-5061-JLV, (Doc. 35) (D.S.D. July. 18, 2012), this court addressed the issue of good cause, where defendants moved to amend their answer twenty-eight days after the deadline to amend. The court found that Defendants' burden for

5

demonstrating good cause was not met for the delay where, "No explanation [was] given for the failure to meet the court's scheduling deadline." Id.

Like in Granite Re, Inc. et al, little to no explanation is given by Defendants for the failure to meet the court's scheduling deadline. In passing, BNSF mentions that the amendment is sought "[b]ased on deposition testimony taken of the only surviving witness, Stanley Mitchell, plaintiff's experts, and recent deposition testimony of BNSF employees." (Doc. 61 at p. 2). In its initial motion and brief, BNSF fails to identify what testimony it relies on, the testimony's significance, or when the deposition took place. In its reply brief, it only discusses the testimony of Stanley Mitchell. (Doc. 95 at pp. 5-8). Those depositions were conducted on July 20, 2018 and September 7, 2018, respectively. (Doc. 96-1 and 96-2).

In its reply brief, BNSF all but fails to acknowledge the good cause requirement. Instead, it spends the vast majority of its brief arguing the legitimacy of the "joint enterprise" defense. BNSF argues that the clarified affirmative defense "does not change the scope of the case and plaintiff will not be prejudiced" or suffer unfair surprise "as defendant as provided plaintiff with the substance of this Amended Answer" (Doc. 95 at p. 2; Doc. 61 at p. 6). Woefully absent is any explanation for the delay of 1 ½ years in bringing the motion. At best, BNSF delayed in bringing the motion over seven months after the deposition of Joe Lydick. While BNSF blames Plaintiff for failing to reach a stipulation between January 2019 and April 2019, no explanation is given for the inaction between September 2018 and January 2019. BNSF simply argues

6

it should be allowed the amendment to "conform to the facts developed during discovery." (Doc. 95 at p. 9). BNSF fails to identify a change in circumstances or recent discovery of new facts which meet the burden for demonstrating good cause. Thus, the court finds that Defendants were not diligent in filing their motion to amend the answer, and therefore no good cause exists to permit the filing of an amended answer.

### 2. Undue Prejudice

The second consideration in the good cause analysis is whether undue prejudice would result from scheduling order modifications. Sherman, 532 F.3d at 717 (holding that undue prejudice should only be explored if the movant has been diligent). "The burden of proving prejudice lies with the party opposing the motion." Lillibridge v. Nautilus Ins. Co., No. 10-CV-4105-KES, 2013 WL 870439, at *6 (D.S.D. Mar. 7, 2013) (internal citations omitted).

The Eight Circuit Court of Appeals has held, "'The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements.'" Hartis, 694 F.3d at 948 (quoting Sherman, 532 F.3d at 716 (internal citations omitted)). The Court generally "will not consider prejudice [to the nonmovant] if the movant has not been diligent in meeting the scheduling order's deadlines." Sherman, 532 F.3d at 717. Rather, the Court will "focus in the first instance (and usually solely) on the diligence of the party who sought modification of the order." Id. "Where there has been 'no change in the law, no newly discovered facts, or any other changed circumstance . . . after the scheduling deadline for amending pleadings,' then we may conclude

that the moving party has failed to show good cause." Hartis, 694 F.3d at 948 (quoting Sherman, F.3d at 718).

Because Defendants have demonstrated no valid explanation for the delay in filing their Motion for Leave to File an Amended Answer, the court need not consider the second prong of the good cause analysis, undue prejudice

**B. Plaintiff's Motion to Amend Complaint**

Plaintiff seeks to amend his claim to set forth an allegation that BNSF was negligent by its "acts and omissions of assigning Mr. Lessert's crew with the proper protection, and then the acts and omissions of these employees that prevented Mr. Lessert's crew from working on the switch under the protection these employees had, constitute negligence that 'in whole or in part' caused the death of Mr. Lessert within the meaning of the Federal Employers' Liability Act, 45 U.S.C. §§ 51, *et sequitur* (the FELA)." (Doc. 87 at p. 3). Plaintiff's proposed Amended Complaint seeks to set forth additional theories of negligence. BNSF opposes the motion. (Doc. 103).

Subsequent to Plaintiff filing this motion to amend, the court issued its Report and Recommendation setting forth its belief that the district court should issue partial summary judgment in favor of Plaintiff on the issue of negligence. (Doc. 179). The district court has given notice to the parties of its intention to address the issue of causation. If the district court adopts this court's recommendation finding BNSF negligent, Plaintiff need not make a further showing to the jury that BNSF was negligent in any other fashion.

8

Therefore, the court denies the motion to amend the complaint as moot, without prejudice. If the district court declines to adopt the recommendation, Plaintiff may refile his motion.

## CONCLUSION

Based on the foregoing analysis, it is hereby

ORDERED that Defendant's Motion to Amend Answer (Doc. 60) is denied. It is further

ORDERED that Plaintiff's Motion to Amend Complaint (Doc. 86) is denied as moot, without prejudice. It is further

ORDERED that Plaintiff's Motion to Submit Supplement Brief (Doc. 175) is denied as moot, without prejudice.

## NOTICE TO PARTIES

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained. See FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Id. Objections must be timely and specific in order to require review by the district court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 29th day of May, 2020.

BY THE COURT:

_____
DANETA WOLLMANN
United States Magistrate Judge