UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| GERALD LESSERT, SPECIAL ADMINISTRATOR OF THE ESTATE OF RICHARD CLAYMORE LESSERT, DECEASED; AND RICHARD CLAYMORE LESSERT,<br><br>     Plaintiffs,<br><br> vs.<br><br>BNSF RAILWAY COMPANY, A CORPORATION;<br><br>     Defendant. | 5:17-CV-05030-JLV<br><br><br>ORDER REGARDING MOTION TO EXCLUDE PLAINTIFF'S EXPERTS (DOC. 112) |

   This is an action brought under the Federal Employers' Liability Act, 45 U.S.C. §§ 51, *et seq.* Defendant BNSF Railway Co. filed a Motion to Exclude Plaintiff's Expert. (Doc. 112). In support of the motion, BNSF filed a brief in support of the motion along with 14 exhibits (170 pages). (Docs. 113, 114). Plaintiff filed a brief together with 9 exhibits (262 pages) in resistance to Defendant's motion. (Docs. 143, 144). BNSF submitted a reply brief in support of their motion. (Doc. 146). United States District Court Judge Jeffrey L. Viken, referred the case to this magistrate judge for the purpose of resolving pretrial motions. (Doc. 121).

## BACKGROUND

Plaintiffs filed this action for injuries arising from the death of Richard Lessert[1] who was struck and killed by a train while working as an employee for Defendant. BNSF moves to strike five of Plaintiff's expert witnesses: Joe Lydick (maintenance of way rules, procedures, and operations), Brad Mathison (computer modeling and animation), Charles Culver (transportation department rules, procedures and operations), Mariusz Ziejewski (biomechanic), and Stan Smith (economist).

## DISCUSSION

**A. Rule 702**

The admissibility of expert opinions is governed by Fed. R. Evid. 702 which states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

---

[1] All references herein to "Mr. Lessert" are referring to Richard Lessert, the decedent, not to be confused with Gerald Lessert, the father and special administrator of the estate of Richard Lessert.

Fed. R. Evid. 702. Rule 702 requires a district court to act as a gatekeeper to ensure that expert testimony both rests on a reliable foundation and is relevant. Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 589 (1993). This gatekeeping function applies to all specialized knowledge. Kumho Tire Co. v. Carmichael, 526 U.S. 137, 147 (1999). "The trial judge's effort to assure that the specialized testimony is reliable and relevant can help the jury evaluate that foreign experience, whether the testimony reflects scientific, technical, or other specialized knowledge." Id. at 1174–75. District court have "wide latitude in making its reliability and relevance determinations." United States v. Kehoe, 310 F.3d 579, 593 (8th Cir.2002).

As a preliminary matter, "[t]he proponent of the expert testimony must prove its admissibility by a preponderance of the evidence." Lauzon v. Senco Products, Inc., 270 F.3d 681, 686 (8th Cir. 2001). "[D]oubts about whether an expert's testimony will be useful should be generally resolved in favor of admissibility." Sphere Drake Ins. PLC v. Trisko, 226 F.3d 951, 955 (8th Cir. 2000).

### 1. Relevance

#### a. Liability experts – Joe Lydick, Charles Culver, Brad Mathison

Plaintiff indicates that Mr. Lydick and Mr. Culver intend to testify regarding BNSF's legal duties for the safety of its employees. (Doc. 143 at p. 4). Mr. Lydick and Mr. Culver's testimony presumably will opine on the meaning and applicability of federal regulations. (Doc. 143 at p. 6; Doc. 146 at p. 1). Similarly, Mr. Mathison is an accident reconstruction expert whose testimony

"establishes what the striking train did in space and time . . ." (Doc. 143 at p. 10).

These matters fall squarely within the issue of negligence. Subsequent to BNSF filing this motion to exclude, the court issued its Report and Recommendation setting forth its belief that the district court should issue partial summary judgment in favor of Plaintiff on the issue of negligence. (Doc. 179). The district court has given notice to the parties of its intention to address the issue of causation. The testimony of Mr. Lydick, Mr. Culver, and Mr. Mathison pertains solely to the issue of negligence. If the district court adopts this court's recommendation finding BNSF negligent, Plaintiff need not make a further showing to the jury regarding negligence and therefore the testimony of Mr. Lydick, Mr. Culver, and Mr. Mathison has no relevance to the case. Therefore, the court grants the motion to exclude the testimony of Mr. Lydick, Mr. Culver, and Mr. Mathison. In the event the district court rejects the Report and Recommendation, Plaintiff may file a motion to reconsider the court's ruling on this motion.

### b. Biomechanical expert – Mariusz Ziejewski

BNSF contends that Dr. Ziejewski intends to testify that Mr. Lessert survived for a period of time after his injury. (Doc. 113 p. 14). BNSF also contends that Dr. Ziejewksi will testify as to the perception-reaction time of Mr. Lessert's crew. Id. at p. 20. Plaintiff argues that Dr. Ziejewski "intends to testify only from the biomechanical perspective as to what happened to Mr. Lessert's body was relevant to the cause of death." (Doc. 143 at p. 10). In his

expert report, Dr. Ziejewski's concludes, "Mr. Lessert had no opportunity to protect himself due to including, but not limited to, his attention on his designated job and noisy environment.  That is, Mr. Lessert had to rely completely on the warning from the lookout."  (Doc. 114-7 at p. 7).

Regardless of whether Dr. Ziejewski's testimony pertains to negligence/causation or to the survival action, the court concludes that neither is a relevant consideration for the jury.  Dr. Ziejewski's testimony regarding "what happened to Lessert's body" is only relevant to Plaintiff's survival action.  Subsequent to BNSF filing this motion to exclude, the court issued a Report and Recommendation setting forth its belief that the district court should issue partial summary judgment in favor of BNSF on Mr. Lessert's survival action.  (Doc. 180).  This court also issued a Report and Recommendation setting forth its belief that the district court should issue partial summary judgment in favor of Plaintiff on the issue of negligence.  (Doc. 179).  The district court has given notice to the parties of its intention to address the issue of causation.  If the district court adopts this court's recommendations regarding the survival action and the issue of negligence by BNSF, the testimony Dr. Ziejewski has no relevance to the case.  Therefore, the court grants the motion to exclude the testimony of Dr. Ziejewski.  In the event the district court rejects either Report and Recommendation, Plaintiff may file a motion to reconsider the court's ruling on this motion.

5

### c. Economist – Stan Smith

Dr. Stan Smith has been designated by Plaintiff to serve as an expert regarding Plaintiff's damages. Regarding relevance, BNSF does not appear to argue that Dr. Smith's calculations on the issues of damages suffered by his surviving widow and children are irrelevant. (Doc. 113 at pp. 25-31). Instead, BNSF argues that Dr. Smith's calculations regarding Mr. Lessert's non-adopted stepdaughter, Trinity Richards, are irrelevant because she cannot recover under the FELA. Id. at 30-31.

The court finds that Dr. Smith's testimony regarding Mr. Lessert's surviving widow and children is relevant. His report sets forth the methodology, data, and analysis he used to calculate damages, which remains a material issue for the trier of fact. See Ventura v. Titan Sports, Inc., 65 F.3d 725, 733 (8th Cir.1995)(expert's opinion admissible where it made a material fact more likely than in the absence of that testimony).

However, the court finds testimony and evidence from Dr. Smith regarding Mr. Lessert's non-adopted stepdaughter is not relevant. Subsequent to BNSF filing this motion to exclude, the court issues it Report and Recommendation setting forth its belief that the district court should issue partial summary judgment in favor of BNSF on Plaintiff's claim for losses sustained by Mr. Lessert's unadopted stepdaughter. (Doc. 180). If the district court adopts this court's recommendations regarding the damages sustained by Mr. Lessert's unadopted stepdaughter, the testimony Dr. Smith pertaining to these calculations has no relevance to the case. Therefore, the court grants

the motion to exclude the testimony of Dr. Smith as it pertains to Trinity Richards. In the event the district court rejects this court's Report and Recommendation on this issue, Plaintiff may file a motion to reconsider the court's ruling.

### 2. Reliability

The court focuses its reliability analysis on Dr. Stan Smith as he is the only expert which has survived the relevancy inquiry. Daubert lists four factors a court can consider to evaluate the admissibility of expert testimony for reliability purposes: "whether the testimony can be or has been tested, … whether the theory or technique has been subjected to peer review and publication, … the known or potential rate of error," and whether the relevant scientific community has generally accepted the theory or technique. Daubert, 509 U.S. at 593–94. These factors, however, are meant to be helpful rather than a "definitive checklist or test." Id. at 593. Trial judges have "broad latitude" in determining whether the specific factors reasonably measure reliability. Jaurequi v. Carter Mfg. Co., 173 F.3d 1076, 1082 (8th Cir.1999). Indeed, "the gatekeeping inquiry must be tied to the facts of a particular case." Kumho Tire, 119 S.Ct. at 1175.

The focus of the inquiry remains on the principles and methodology rather than the expert's conclusions. Daubert, 113 S.Ct. at 2797. Experts can express opinions "so long as there are sufficient facts already in evidence or disclosed by the witness as a result of his or her investigation to take such

7

expert opinion testimony out of the realm of guesswork and speculation." Hurst v. United States, 882 F.2d 306, 311 (8th Cir.1989).

BNSF argues that Dr. Smith intends to offer a variety of opinions that are not based on scientific, technical, or other specialized knowledge that is useful. (Doc. 113 at p. 25).  BNSF argues Dr. Smith's computation of damages is flawed because he uses his own methodology for calculating hedonic damages; BNSF asserts this methodology has been "squarely rejected by numerous courts because it fails to meet the reliability standards articulated by the Eighth Circuit and under the Daubert doctrine."  Id. at 26.  BNSF also argues that other courts have excluded Dr. Smith's testimony because of his failure to use data to connect his methodology to the facts of this case.  Id. at 29.

Plaintiff responds by arguing that BNSF's challenge to Dr. Smith is too broad and incomprehensible to respond.  Plaintiff directs the court to Exhibit I of its response, which is Dr. Smith's report.

In this case, Dr. Smith satisfies the requirements of Rule 702.  He has particular knowledge of economics, forensic economics, and damage calculations. His educational background evidences his expertise. (Doc. 144-9). He received a bachelor's degree from Cornell University, and master's degree and doctorate in economics from the University of Chicago.   Dr. Smith's work experience further demonstrates his knowledge in the field of economics.  Dr. Smith is a member of various economic associations and was on the Board of Ethics for the peer-reviewed journal, the Journal of Forensic Economics, for over a decade.  Dr. Smith has published scholarly articles in this journal.  Dr.

8

Smith wrote the first textbook on Forensic Economic Damages used in university courses in various states. Dr. Smith served as an adjunct professor creating and teaching Forensic Economics nationwide. Dr. Smith has testified in hundreds of cases, and many parties have relied on his expert reports and analyses. Contained within his report is a list of over 600 cases wherein Dr. Smith has provided testimony between 2014-2018. (Doc. 144-9 at pp. 7-61).

Dr. Smith's report calculates Plaintiff's losses into three categories: 1) the loss of wages and employee benefits; 2) the loss of pension benefits; and 3) the loss of services sustained by Mr. Lessert's surviving family.

BNSF takes issue with Dr. Smith's assumption that Mr. Lessert would have retired at age 67 and his assumption that Mr. Lessert provided 110 hours per week of household services calculated at an hourly rate of $16.30 per hour. Id. at 26, 28. BNSF takes issue that Dr. Smith provided no explanation for these assumptions and therefore argues they are unreliable. Id. at 28; See also Smith report (Doc. 144-9 at pp 5-12).

In Dr. Smith's deposition, he testified that he used age 67 as a retirement age because according to Mr. Lessert's wife, Mr. Lessert had no plans to retire. Regarding Dr. Smith's assumptions for household services, his report contains a narrative of several pages detailing Mr. Lessert's household services according to his family. When BNSF pressed Dr. Smith regarding his assumption that Mr. Lessert would provide household services at full capacity until age 78.6, Dr. Smith testified that a trier of fact could make modifications (such as removing years or assigning a percentage of capacity) to his year by

year tables.  BNSF takes issue with Dr. Smith's testimony that his calculations are a tool, aid, or a guide for a trier of fact.

Attacks on the foundation for an expert's opinion as well as the expert's conclusions, go to the weight rather than the admissibility of the expert's testimony." Sphere Drake Ins. PLC v. Trisko, 226 F.3d 951, 955 (8th Cir.2000).  A challenge to the factual basis of Dr. Smith's testimony relates to its credibility, not its admissibility.  Ray v. Wal–Mart Stores, Inc., 120 F.3d 882, 885 (8th Cir.1997). "Only if an expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury must such testimony be excluded."  Hose v. Chicago Northwestern Transp. Co., 70 F.3d 968, 974 (8th Cir.1995).

Dr. Smith's expertise, deriving from his work experience, his education, his skill, and knowledge, will assist the court in calculating damages in this case.  Accordingly, Dr. Smith is qualified to give an expert opinion under Rule 702, as it pertains to the surviving spouse and children of Mr. Lessert.  The court denies the motion to exclude Dr. Smith's testimony on this topic of damages.

## **CONCLUSION**

For the foregoing reasons, the court grants the motion to exclude as to Joe Lydick, Brad Mathison, Charles Culver and Mariusz Ziejewski.  The court grants to the motion in part and denies the motion in part as to Stan Smith.  Dr. Smith's testimony is excluded only as to Trinity Richards.

## NOTICE TO PARTIES

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained. See Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Id. Objections must be timely and specific in order to require review by the district court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 29th day of May, 2020.

BY THE COURT:

*[signature]*

DANETA WOLLMANN
United States Magistrate Judge